**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MICHAEL O. WILLIAMS; SHERYL ANNE WILLIAMS, <br><br> Petitioners, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent. | No. 09-73229 <br><br> Tax Ct. No. 21031-07L <br><br><br> MEMORANDUM* |
| MICHAEL O. WILLIAMS; SHERYL ANNE WILLIAMS, <br><br> Petitioners, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent. | No. 09-73231 <br><br> Tax Ct. No. 25205-07 |

Appeals from the Decisions of the United States Tax Court

Argued and Submitted May 3, 2011
Pasadena, California

---

*This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: PREGERSON, FISHER and BERZON, Circuit Judges.

Michael and Sheryl Williams appeal two decisions of the United States Tax Court. We affirm.

1. The Tax Court's finding that the large assessments were made on August 15, 2007, within the limitations period, is not clearly erroneous. *See Keller v. Comm'r*, 568 F.3d 710, 716 (9th Cir. 2009) (holding that we review the Tax Court's factual findings for clear error). The summary record of assessments, known as the RACS Report-06, reflects an assessment date of August 15, 2007 and contains a Document Locator Number (DLN) associated with the Williamses throughout the documentary record. *See Huff v. United States*, 10 F.3d 1440, 1446 & n.5 (9th Cir. 1993) (explaining that the summary record of assessments, signed by an assessment officer, "indicat[es] the date on which the actual assessment was made"). The certificates of assessment (Form 4340) contain this same DLN and confirm the August 15 assessment date. *See Hughes v. United States*, 953 F.2d 531, 540 (9th Cir. 1992) (holding that these certificates "are probative evidence in and of themselves and, in the absence of contrary evidence, are sufficient to establish that notices and assessments were properly made"). The testimony adequately explained why the assessments were not reflected in the August 20,

2007 account transcripts and why the Forms 3552 were not postmarked until August 21, 2007.

2. Counsel for petitioners conceded at oral argument that the limitations period expired on August 15, 2007, not August 14.

3. The Appeals Office did not abuse its discretion by closing the collection due process hearing before the large assessments were made. The Appeals Office reasonably accommodated the Williamses' requests for delay by extending the hearing for two months and staying collection for an additional 120 days following the determination. The Williamses cite no authority for the proposition that the Appeals Office was required to delay the determination further, and the Appeals Office's decision to close the hearing was consistent with the Commissioner's policy of closing collection due process hearings as expeditiously as possible. *See* Treas. Reg. § 301.6330-1(e)(3) (Q&A E-9). The Williamses also have not shown that they were prejudiced by the Appeals Office's decision, because they could have made a global settlement offer through the agency's general settlement program.

**AFFIRMED.**